## WHITE v. CONWAY.

Circuit Court, Dade County, Civil Appeal.
March 27, 1952.

———•———

Leo M. Alpert, Miami, for appellant.

William R. Alvin, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

This litigation grew out of a collision between two automobiles, one owned and operated by Ronald White and the other owned and operated by Walter R. Conway. Each of the drivers claimed that the other's negligence was the proximate cause of the collision.

White was insured and the insurer, fearful of litigation and the risk incident to a jury trial, paid Conway $175 in settlement of his claim against White and a release was executed by Conway by which White was discharged from liability. White, however, paid nothing and signed nothing; and in the release it was expressly declared that the payment (made by the insurer) was not to be construed as any admission of White's liability. The record reveals no express abandonment, waiver or release by White of his claim and, unless the payment by his insurer and the procurement of the release from Conway are to be deemed as an implied abandonment, waiver or release, White is not precluded from prosecuting his claim against Conway. The court below held that the payment to Conway and the procurement of the release from him effected a compromise and settlement, not only of Conway's claim against White, but also of White's claim against Conway, and entered summary judgment for Conway. I cannot concur in such a view.

I have read the opinions in the cases cited by counsel for the appellee, but I find nothing in them which diverts me from the conclusion that the court below was in error. Accordingly, the judgment appealed from is reversed and the lower court is directed to take such further action in the cause as shall be consistent with the view here expressed.